UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD A. JODREY,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:12-cv-725
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 25) and the Commissioner's response in opposition. (Doc. 26). Plaintiff seeks an award of attorney fees in the amount of $14,350.00 for work done before this Court as provided for under the Social Security Act.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In the instant case, the District Judge adopted the Report and Recommendation of the Magistrate Judge reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding for an award of benefits. (Docs. 20, 21). Plaintiff subsequently filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking a fee for work which his attorney Lisa Hollifield, who represented him before this Court on the appeal of the denial of benefits, performed in the District Court. (Doc. 23). In July 2014, the District Judge awarded attorney fees to plaintiff in the amount of $3,547.50 under the EAJA. (Doc. 24). Plaintiff received a Notice of Award from the Social Security Administration (SSA) dated August 19, 2014, informing him that his benefits for June 2008 through July 2014 were being withheld pending a determination of the amount due. (Doc. 25-4 at 1-5). Acting pursuant to § 406(b)(1)(A), the Commissioner advised plaintiff that 25 percent of past-due benefits on plaintiff's account - or $29,382.00 as of that date - was being withheld as a potential contingency fee to be awarded plaintiff's counsel. (*Id.*). Plaintiff subsequently received a Notice of Change in Benefits from the Social Security Administration dated November 30, 2014, notifying him that he would receive a lump sum payment in the amount of $90,335.00, which represented past-due benefits for the period June 2008 through September 2014. (Doc. 25-5 at 1). The SSA withheld $29,382.00 as a potential contingency fee to be awarded plaintiff's counsel. (*Id.* at 4).

Plaintiff now requests $14,350.00 in attorney's fees under 42 U.S.C. § 406(b) for work counsel performed before the Court.[1] Plaintiff has submitted a copy of the fee agreement he entered into with attorney Hollifield under which he agreed to pay attorney Hollifield a contingency fee of 25 percent of past-due benefits. (Doc. 25-2). Plaintiff notes that an award of

---

[1] Plaintiff represents that the $3,547.50 awarded pursuant to the EAJA will be refunded to plaintiff by counsel. (Doc. 25 at 3).

2

25% of past-due benefits in the amount of $29,382.00 would result in an hourly rate of $1,433.00. Plaintiff requests a fee that represents approximately half of the contingency fee of 25% of past-due benefits and an hourly rate of $700.00, or a total amount of $14,350.00, as attorney Hollifield's fee under § 406(b).

In determining the reasonableness of fees under § 406(b), the starting point is the contingent fee agreement between the claimant and counsel. *Gisbrecht,* 535 U.S. at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Id.* The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney is responsible for delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should also consider whether a downward adjustment is appropriate because counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez,* 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent fee cases. *Gisbrecht,* 535 U.S. at 808.

Here, the fee of $14,350.00 requested by plaintiff falls within the 25 percent boundary. The question then becomes whether the requested fee is reasonable. In support of the § 406(b) fee request, plaintiff submits that his counsel expended a total of 20.5 hours of attorney time on this case before the District Court. (Doc. 25 at 3). Plaintiff has submitted counsel's contemporaneous time records (Doc. 25-3), and this number of hours was deemed reasonable by

the Court when it awarded plaintiff attorney's fees under the EAJA. (Doc. 24). Plaintiff contends that the requested fee is reasonable given attorney Hollifield's background and experience as set forth in the affidavit of counsel attached to the instant motion. (Doc. 25 at 3; Doc. 25-1). Specifically, attorney Hollifield states that she was admitted into the practice of law in the State of Ohio in 2003; she has practiced law in Ohio primarily handling Social Security and Workers Compensation claims, with Social Security claims comprising the majority of her practice since mid-2005; and she takes all Social Security cases on a contingent fee basis. (Doc. 25-1). As previously determined by the Court, attorney Hollifield's hourly rate is reasonable. (Doc. 24).

Dividing the requested fee of $14,350.00 by the 20.5 hours counsel worked on this case produces a hypothetical fee of $700.00 per hour. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420-21 (6th Cir. 1990) (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of

4

the fee.

*Id.*

The *Hayes* "floor" in this case for attorney Hollifield is $6,765.00, representing 20.5 hours times an hourly rate of $165.00 multiplied by two. Attorney Hollifield's requested hourly rate is nearly four times her typical hourly rate of $165.00. Plaintiff contends that the requested fee is nonetheless reasonable. Plaintiff alleges counsel did not delay the case in federal court, plaintiff is requesting substantially less than the 25 percent of past-due benefits plaintiff agreed to pay as a fee under the contingency fee agreement, and a comparable hourly rate has been awarded in a Social Security disability benefits case in this district. (Doc. 25 at 3, citing *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012)). To rebut the presumed reasonableness of the attorney's fee, the Commissioner argues that the requested award would constitute a windfall to plaintiff's counsel. (Doc. 26). The Commissioner argues that Courts in this jurisdiction have consistently found hourly rates of $350.00 to $360.00 to be an appropriate limit for § 406(b) fee awards, and while some judges have recently awarded higher hourly fees of $400.00, they have "squarely rejected a $700.00 hourly rate." (*Id.* at 4-5, citing, e.g., *Boston v. Comm'r of Soc. Sec.*, No. 1-10-cv-408, 2014 WL 1814012, at *3 (S.D. Ohio May 7, 2014); *Buttrey v. Colvin*, No. 1:11-cv-357, 2014 WL 1670034, at *3 (S.D. Ohio Apr. 23, 2014) (Report and Recommendation) (Bowman, M.J.)).

Contrary to the Commissioner's argument, Courts in this jurisdiction have consistently awarded hourly rates significantly higher than $350.00 to $360.00 in comparable cases. *See Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2014 WL 1045898, at *3 (S.D. Ohio Mar. 14, 2014) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, No. 1:10-cv-784, 2014 WL 1338092 (S.D. Ohio Apr. 2, 2014) (citing, e.g., *Wright v. Astrue*, No. 3:09-cv-115, 2012 WL

5

3023258 (S.D. Ohio July 24, 2012) (adopting Report and Recommendation that the plaintiff be awarded contingency fee award with a computed hourly rate of $539.57); *Pencil v. Astrue,* No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award of $11,745.98 with a computed hourly rate of $546.32); *Burney v. Astrue,* No. 3:07-cv-419, 2011 WL 1675264 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee award of $15,360.00 where the computed hourly rate was $646.74); *Thacker v. Astrue,* No. 3:08-cv-135, 2011 WL 1660201 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee award of $13,650.00 with a computed hourly rate of $620.00)). Moreover, an hourly rate of over $700.00 has been awarded in a comparable case in which attorney Hollifield served as counsel. *See Pickett,* No. 3:10-cv-177, 2012 WL 1806136 (awarding the plaintiff a fee in the amount of $19,315.50 with a computed hourly rate of $709.00).

The undersigned finds the Court's reasoning in *Pickett* to be persuasive. The Court in *Pickett* stated:

> Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

*Id.* at 2.

This same analysis applies here and supports awarding the requested fee. The procedural posture of this case was more complicated than that presented by the typical Social Security disability appeal. Counsel did not unduly delay the resolution of this matter and achieved an

6

excellent result. The case was reversed and remanded for an outright award of benefits. Counsel's work resulted in a significant award of benefits to plaintiff. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment. Plaintiff represents that upon receipt of the § 406(b) award, counsel will remit the EAJA fee of $3,547.50 which the District Court awarded to plaintiff as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 25 at 3). Finally, as discussed above, comparable rates have been awarded in similar cases in this District Court. In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $14,350.00 is reasonable for the work plaintiff's counsel performed in this Court.

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees be **GRANTED** and that counsel be **AWARDED** $14,350.00 in fees.

Date: 2/25/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD A. JODREY,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:12-cv-725
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).